UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIZ PEREIRA,

      Plaintiff,

v.                                     Case No:  6:12-cv-527-Orl-19TBS

PERFUMELAND OF ORLANDO, INC.,

      Defendant.

_____

## REPORT AND RECOMMENDATION[1]

      Pending before the Court is the parties' Joint Stipulation for Dismissal with Prejudice.  (Doc. 28).  This is a case for the recovery of minimum wages and overtime pay pursuant to the Fair Labors Standards Act ("FLSA") 29 U.S.C. § 201 et seq.  (Doc. 1). The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways.  First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present their proposed settlement agreement to the district court, and the court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

      Instead of submitting their settlement agreement to the Court for review and approval, the parties have filed their stipulation of dismissal pursuant to Federal Rule of

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

Civil Procedure 41(a)(1)(A)(ii), with each party to bear its own attorney's fees and costs. (Doc. 28).  The stipulation is self-executing and divests the Court of jurisdiction.  <u>Anago Franchising, Inc. v. Shaz</u>, 677 F.3d 1272 (11th Cir. 2012).  Still, the parties should not purposely seek to evade the Court's obligation to review an FLSA claim in this manner.  The parties' ability to stipulate to dismiss an action pursuant to Rule 41(a)(1)(A)(ii) is "[s]ubject to . . .  any applicable federal statute."  In <u>Cabral v. Alberto & Alberto Enter. Corp.</u>, No. 6:12-cv-742-Orl-37DAB, 2012 U.S. LEXIS 100226 *2 (M.D. Fla. July 19, 2012), the Court expressed its opinion that the FLSA is an "applicable federal statute," and therefore, the parties cannot stipulate to dismiss an FLSA claim without a court order.  <u>Id.</u>  Accordingly, the Court determined that to the extent the parties' settlement agreement involved any compromise, it was unenforceable.  <u>Id.</u> at *3.  The Court went on to say it would not protect counsel from the consequences of their actions.  <u>Id.</u>  I am persuaded by the holding in <u>Cabral</u>.

Therefore, I **RESPECTFULLY RECOMMEND** that the Court treat the parties' stipulation as a motion; **GRANT** the motion; **DISMISS this action with prejudice**; and **DIRECT** the Clerk to close the file.  I also **RECOMMEND** that the Court refuse to hear any future motions to approve or enforce whatever agreement the parties made to settle this case.

**RESPECTFULLY SUBMITTED** in Orlando, Florida on March 5, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

The Presiding United States District Judge
Counsel of Record